In General Term—January 1855.

Before Judges STORER, GHOLSON, and SPENCER.

### DEVOU. & ROCKWOOD *vs.* SIMPSON & CALVERT.

A Justice of the Peace has no jurisdiction to subject a chose in action belonging to a judgment debtor to the payment of the judgment.

The Superior Court has jurisdiction, though the judgment, payment of which is sought, is less than one hundred dollars.

The plaintiff obtained a judgment against the defendant, Simpson, before a Justice of the Peace, for $50 debt and $2.70 costs. An execution was issued, and returned, "No goods or chattels whereon to levy." The plaintiffs then brought an action in this Court to subject so much of a debt of $800, claimed to be due from the defendant Calvert to the defendant Simpson, as might be sufficient to pay the said judgment and the costs before the Justice of the Peace, and the costs of the action in this Court. The question whether this Court has jurisdiction of such action was reserved for decision in the General Term.

GHOLSON, J. delivered the opinion of the Court.

The language of the statute prescribing the original jurisdiction of this Court, which is the same in cases of this description as that applicable to the original jurisdiction of the Courts of Common Pleas, is that the jurisdiction extends to civil cases "where the sum or matter in dispute exceeds the jurisdiction of Justices of the Peace." The excess of jurisdiction may arise, either from the amount in controversy, or the nature of the matter in dispute. A case involving a question of the boundary of a city lot, where one foot front, of the value of $50 was in dispute, would as much exceed the jurisdiction of a

Justice of the Peace, as a case to recover $500 on a promissory note. The matter in dispute in the present case involves the questions, whether the defendant Calvert is indebted to the defendant Simpson, as alleged in the petition, in the amount of $800, and whether payment of a judgment claimed by the plaintiffs against Simpson shall be satisfied and discharged by the defendant Calvert.

We know of no law which authorizes a Justice of the Peace to adjudicate upon such a matter. The defendant Calvert might well claim, that the indebtedness with which he is charged exceeds in amount the sum as to which Justices of the Peace can take jurisdiction, and that unless, as, perhaps, in cases of attachment, the law authorizes a litigation as to a part of the claim, he has a right to have the whole matter determined in a Court of competent jurisdiction for such cases, and decided at one and the same time. It has never been the practice to bring an action before a Justice of the Peace to subject a chose in action belonging to a judgment debtor to the payment of the judgment, and we do not think there is any provision, either in the Code or the recent act regulating proceedings before Justices of the Peace, which would warrant such a practice.

If the party can have no relief in such a case as this before a Justice of the Peace, that alone would seem to constitute a ground on which to rest the jurisdiction of this Court. In either view, the matter in the present action may be properly said to exceed the jurisdiction of Justices of the Peace, and, therefore, to be within the jurisdiction of this Court. The case will be remanded for further proceedings to the Special Term.